UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON DANIEL AYCOX,

    Plaintiff,

v.                        Case No.:  2:23-cv-546-SPC-NPM

BRUCE KYLE, CARMINE MARCENO, AMIRA D. FOX, BRYCE BECKER, LEE COUNTY SHERIFF and CAPE CORAL POLICE DEPARTMENT,

    Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Jason Daniel Aycox's Complaint (Doc. 1).  Aycox is an inmate in the Lee County Jail seeking redress from government officers.  The Court must screen the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915A.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

Aycox is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007).

Aycox's claims arise from three state criminal proceedings. He was convicted and sentenced in two of the cases, and the third is set for trial next month.[1] None of the convictions or sentences have been invalidated by a state court. Aycox sues a judge (Bruce Kyle) and two prosecutors (Bryce Becker and State Attorney Amira Fox) for their involvement in the criminal cases, and he

---

[1] The Court takes judicial notice of the online dockets of the following cases in the Twentieth Judicial Circuit Court in and for Lee County, Florida: 22-CF-014749; 22-CF-014701; and 23-CF-014435.

2

sues the Cape Coral Police Department for wrongfully arresting him. Aycox also sues Sheriff Carmine Marceno for denying him access to legal materials.

Aycox fails to state a § 1983 claim. His claims relating to his two convictions and sentences are *Heck*-barred. In *Heck v. Humphrey*, the Supreme Court held that a § 1983 plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must prove the conviction or sentence was reversed or invalidated. 512 U.S. 477, 487 (1994). The Court explained:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* More recently, the Supreme Court clarified that a plaintiff "must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution" to avoid the *Heck* bar. *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022). Aycox has not received a favorable termination in either of his convictions, and a judgment in Aycox's favor in this

3

case would imply the invalidity of those convictions. Thus, the *Heck* doctrine bars him from challenging them in a § 1983 action.

Nor can Aycox use § 1983 to challenge the pending state criminal case. Federal courts are not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Aycox provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine.

Also, some of the defendants in this case are immune from suit. Aycox cannot sue the judge and prosecutors under § 1983. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Aycox's allegations against the judges and prosecutors relate entirely to their participation in his state criminal proceedings. They are immune from this action.

Aycox's claim that the defendants have denied him access to legal materials is not a valid basis for a § 1983 claim. Aycox states he fired his

4

appointed counsel and elected to defend himself *pro se*. The state court records confirm that the courts appointed counsel, but Aycox chose to represent himself. The Eleventh Circuit Court of Appeals has "held that a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." *Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir. 2011). Because Aycox waived his right to counsel, he has (and had) no constitutional right to access a law library or other legal resources during his pre-trial detention. *See id.*

For these reasons, the Court will dismiss Aycox's complaint for failure to state a claim. The Court would normally grant a plaintiff leave to amend, but that would be futile here. Aycox's claims against the judge and prosecutors are barred by *Heck*, *Younger*, and absolute immunities, and there is no constitutional right underpinning his claim regarding access to legal materials.

Accordingly, it is hereby

**ORDERED:**

Plaintiff Jason Daniel Aycox's Complaint (Doc. 1) is **DISMISSED.** The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 16, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record